Chief Justice Robertson
delivered the Opinion of the Court,
Tins writ of error is brought to reverse a judgment, for ninety six dollars, on an indictment against Godfrey Gregory, for making and continuing, for a specified period, a fence in a common highway, whereby the said highway was obstructed.
The indictment concludes with the words “against the statute, in such cases made and provided.” The only statute which could apply to such an obstruction as that charged, is a statute of 1797, declaring that “when any lence shall be made across or in any public road, the oicner or tenant of the land shall pay six shillings for ° every twenty tour hours the same shall he continued.” The indictment does not contain a charge which can . be deemed a violation of that enactment, because, waiving other reasons, it does not allege or show, that Gregory was either the owner which the fence was made. or tenant of the land on Unless he was the owner or tenant, lie was not indictable under the statute ; and, therefore, the circuit court erred in instructing the jury, that they were bound to find against him, six shillings for every twenty four hours.
But the facts charged amount to a nuisance at common law ; and it is now well settled, that the conclusion “against the statute” may he rejected as surplusage, when, although the indictment is professedly framed upon a statute, yet the facts charged are not sufficient *418 undef the statute, but amount toan indictable offence at common law; and that, on such indictment, there may a a!U* convict'on5 according to the common law. 1 Chitty’s Criminal Law, 238.
jt jg eqnaily well settled, that the common law punishment for obstructing a common highway, is fine and imprisonment. 1 Hawk. Pleas of the Crown, 695; Russel on Crimes, 305.
And it has been frequently decided, that this court has no jurisdiction in a criminal or penal case, in which imprisonment is any part of the penalty or punishment for the offence charged.
Consequently, as the indictment charges an offence, not punishable by any statute, but which is a violation of the common law, and as th.e punishment for the of-fence charged is fine and imprisonment the judgment of the circuit court, although evidently erroneous, cannot be revised by this court.
Wherefore, the writ of error must be quashed, for want of jurisdiction in this court.