## COMMONWEALTH *v.* PAT CONNOR.

[Abstract Kentucky Law Reporter, Vol. 2—59.]

**Criminal Law—Indictment for Nuisance.**

An indictment stated a cause of action when it charged that the defendant wilfully and unlawfully placed a dead and decaying colt on a public highway, and kept it there for three weeks, and that it created great stench and an unhealthy smell to the people passing and having the right to pass over said road.

APPEAL FROM FRANKLIN CIRCUIT COURT.

December 9, 1880.

OPINION BY JUDGE HARGIS:

The indictment charges in concise and plain language that the defendant wilfully and unlawfully placed a dead and decaying colt on a public highway, and kept it there for three weeks, and that it created great stench and an unhealthy smell to the people passing and having the right to pass over said road. These facts as alleged constitute a public nuisance.

*Krickle v. Commonwealth,* 1 B. Mon. 361; *Commonwealth v. Clarke,* 1 A. K. Marsh. 323; *Gregory v. Commonwealth,* 2 Dana 417; *Ashbrook v. Commonwealth,* 1 Bush 139.

The definite time of committing the act, the injury to the health of the public, and that it was done on a public highway are alleged with sufficient certainty. These acts constitute a public nuisance, as shown by the authorities cited.

Wherefore the judgment sustaining the demurrer is *reversed* and cause remanded for further proceedings consistent with this opinion.

*P. W. Hardin, for appellant.*